IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:08-cv-415

| | | |
|---|---|---|
| NANCY E. HALL, and<br>ROBERT C. ECONOMOS<br><br>Plaintiffs<br>vs.<br><br>HALLMARK CARDS,<br>INCORPORATED<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

NOW COMES the Plaintiffs, through counsel, and brings this suit against Defendant for infringing U.S. Patent No. 5,306,372 titled "Adhesive-Coated Wrapping Paper" (hereinafter referred to as "the '372 patent); and in support of same alleges as follows:

## PARTIES

1. Plaintiffs, Nancy E. Hall and Robert C. Economos are citizens and residents of Mecklenburg County, North Carolina.

2. Defendant is a corporation organized under the laws of Missouri with a principal place of business located at 2501 McGee Trafficway, Kansas City, Missouri 64108.

## STANDING TO BRING SUIT

3. On 26 April 1994 the United States Patent and Trademark Office (hereinafter referred to as "the PTO") issued the '372 patent to Plaintiffs as co-inventors.

4. The Plaintiffs assigned the '372 patent to Wrap-It, LLC, a limited liability company duly organized and incorporated in North Carolina.

5. Effective 31 January 2000, Wrap-It, LLC merged into Wrap-It Newco, Inc., which changed its name to Wrap-It, Inc., a corporation organized in North Carolina

6. Wrap-It, Inc. is the successor in title and interest to Wrap-It, LLC

7. On September 3, 2008 Wrap-It, Inc. reassigned the '372 patent back to Plaintiffs, which reassignment has been submitted to the PTO for pending recordation.

8. A true copy of the reassignment is attached hereto as Exhibit A and incorporated herein by reference as though fully set out.

9. A true copy of the issued '372 patent is attached hereto as Exhibit B and incorporated herein by reference as though fully set out.

10. The September 3, 2008 reassignment of the '372 patent to Plaintiffs provided the Plaintiffs with the "entire right, title, and interest in the patent, including but not limited to the right to sue

for recovery of damages for any and all past, present, and future infringements" against the claims of the '372 patent.

## JURISDICTION AND VENUE

11. This is an action for monetary relief from patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

12. This Court has jurisdiction over the subject matter of this action as provided for in 28 U.S.C. Section 1331 and Section 1338. Venue is proper in this District pursuant to 28 U.S.C. Section 1391 and Section 1400.

13. This Court has jurisdiction over the Defendant because the Defendant has committed acts of patent infringement during the course of its business in this District.

## THE PATENT IN SUIT

14. Payment of maintenance fees due and owing on the '372 patent pursuant to 35 U.S.C. 41 (b) (3) were unintentionally delayed beyond the six-month grace period to make such payment, or 26 April 2006, resulting in unintentional lapse of the patent from 26 April 2006 until 22 April 2008.

15. Pursuant to 35 U.S.C. 41 (c) (1), the full term of the '372 patent was duly reinstated on 22 April 2008 by the Director of the PTO upon acceptance of payment of the required maintenance fees immediately upon discovery of the unintentional delay in making payment.

## INFRINGEMENT OF THE '372 PATENT

16. That, pursuant 35 U.S.C. 41 (c) (2) and 35 U.S.C. 271, since prior to and after 22 April 2008, the time of reinstatement of the '372 patent, Defendant has infringed and continues to infringe the claims of the '372 patent, and has induced and continues to induce

others, including but not limited to franchisees of its affiliated Gold Crown Stores found located throughout the United States and this District, to infringe upon the claims of the '372 patent.

17. The Defendant's infringing activities throughout the United States and this District includes, but is not limited to, the manufacture, use, sale, and/or offer to sale adhesive wrapping paper, which is covered by the claims of the '372 patent.

18. As a consequence of the Defendant's infringing activities as alleged herein, the Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer such damages in the future so long as the Defendant continues its infringing activities as herein alleged.

Wherefore, the Plaintiffs pray for judgment against the Defendant as follows:

1. That the Defendant be declared to have infringed and induced others to infringe with respect to the claims of the '372 patent;

2. That the Defendant be ordered to account for and pay to Plaintiffs all damages caused to Plaintiffs by reason of Defendant's infringement of the '372 patent pursuant to 35 U.S.C. 41 (c) (2) and 35 U.S.C. Section 284, including a reasonable royalty rate together with interests and costs as fixed by the Court; and

3. That the Plaintiffs be granted such other and further relief as the case may require and the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable to a jury in this matter.

DATED: September 8, 2008

Respectfully submitted,

s/ Larry C. Economos
Attorney for Plaintiffs
Mills & Economos, LLP
200 West Third Street
Greenville, North Carolina 27858
Telephone: 252-752-6161
Facsimile: 252-695-0107
Email: Leconomos@embarqmail.com
N.C. State Bar number 16284