**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:08-cv-415**

| | | |
|---|---|---|
| NANCY E. HALL, and ROBERT C. ECONOMOS | ) | |
| Plaintiffs | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| HALLMARK CARDS, INCORPORATED | ) | |
| Defendant | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**
**TO SECOND AMENDED COMPLAINT**

Defendant, Hallmark Cards, Incorporated for its answer and counterclaims responds to the allegations of Plaintiffs' Second Amended Complaint and alleges as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and those allegations are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and those allegations are denied.

3. Admitted.

## STANDING TO BRING SUIT

4. Admitted except that it is specifically denied that the '372 patent was duly and legally issued.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and those allegations are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and those allegations are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and those allegations are denied.

8. It is admitted that the document attached as Exhibit A to the Complaint purports to reassign the '372 patent back to Plaintiffs effective September 3, 2008 and that the document has been recorded by the PTO. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and those allegations are denied.

9. It is admitted that the document attached as Exhibit A to the Second Amended Complaint purports to be a reassignment of the '372 patent and that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9, and those allegations are denied.

10. It is admitted that a true copy of the '372 patent is attached as Exhibit B to the Second Amended Complaint.

11. It is admitted that the document attached as Exhibit A to the Second Amended Complaint states in part that: "Now, therefore, for good and valuable consideration, Wrap-It, Inc. effective immediately upon execution, does hereby reassign, assign, and transfer unto Nancy E. Hall and Robert Economos all right, title, and interest in and to the patent, including but not limited to the right to sue for recovery of damages for any and all past, present, and future

infringements, including, if necessary, the right to sue on behalf of Wrap-It, LLC and Wrap-It, Inc." Except as expressly admitted, the allegations of paragraph 11 are denied.

## JURISDICTION AND VENUE

12. It is admitted that Plaintiffs allege an action for monetary relief from patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Except as expressly admitted, the allegations of paragraph 12 are denied.

13. Admitted.

14. It is admitted that the Court has personal jurisdiction over the Defendant because acts which Plaintiffs allege result in infringement of '372 patent have occurred in this District. Defendant denies committing any acts of infringement regarding the '372 patent. Except as expressly admitted, the allegations of paragraph 14 are denied.

## THE PARTIES IN SUIT

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and those allegations are therefore denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and those allegations are therefore denied.

## ALLEGED INFRINGEMENT OF THE '372 PATENT

17. Denied.

18. Denied.

19. Denied.

**FIRST AFFIRMATIVE DEFENSE**
(Noninfringement)

Hallmark has not infringed and is not infringing the ‘372 patent, either directly or indirectly.

**SECOND AFFIRMATIVE DEFENSE**
(Invalidity under 35 U.S.C. § 102 and/or 103)

Claim 1 (“the alleged invention”) of the ‘372 patent is invalid under 35 U.S.C. § 102 and/or 103, including but not limited to one or more of the following grounds: (1) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before alleged the invention thereof by the applicants for the ‘372 patent; (2) the alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the ‘372 patent in the United States; (3) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the ‘372 patent; (4) before the applicants’ alleged invention, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it; and/or (5) if the alleged invention is not identically disclosed or described as set forth in section 102, then the differences between the alleged invention and the prior art are such that the alleged invention as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter of the alleged invention pertains.

**THIRD AFFIRMATIVE DEFENSE**
(Invalidity under 35 U.S.C. § 112)

Claim 1 of the '372 patent is invalid under 35 U.S.C. § 112, including but not limited to one of the following grounds: (1) the specification of the '372 patent does not set forth a full, clear written description of the alleged invention claimed in the patent; (2) the specification of the '372 patent does not enable a person of ordinary skill in the art to practice the alleged invention without undue experimentation; and/or (3) Claim 1 of the '372 patent does not point out and distinctly claim the subject matter which the applicants regard as their alleged invention and is therefore indefinite.

**FOURTH AFFIRMATIVE DEFENSE**
(Intervening Rights)

Hallmark commenced the acts, which Plaintiffs contend constitute infringement, during the time that the '372 patent had lapsed for failure to pay maintenance fees. Hallmark is entitled to intervening rights under 35 U.S.C. § 41(c) and/or equitable intervening rights.

**FIFTH AFFIRMATIVE DEFENSE**
(Prosecution History Estoppel)

As a result of the admissions, representations, and/or amendments made during the prosecution of the application that resulted in the issuance of the '372 patent by or on behalf of the applicants in order to obtain the issuance of the '372 patent, Plaintiffs are estopped from asserting or obtaining any construction of only claim of the '372 patent (Claim 1) that would result in Claim 1 covering: (1) the importation, offer for sale, sale, manufacture, or use of the accused adhesive wrap product by Defendant; (2) the use of the accused adhesive wrap by anyone who purchases the accused adhesive wrap product; and/or (3) the practice of any method

of using the accused adhesive wrap product by Defendant or by any purchasers of the accused adhesive wrap product.

## COUNTERCLAIMS

(Declaratory Judgment of Noninfringement and Invalidity of the '372 Patent)

## NATURE OF ACTION AND JURISDICTION

1. This is an action for declaratory judgment of where there is a case and controversy relating to whether Hallmark Cards, Incorporated ("Hallmark") infringes the '372 patent, either directly or indirectly by importing, offering for sale, selling, making, and/or using the accused adhesive wrap product. Hallmark has denied Plaintiffs' allegations that Hallmark has infringed or is infringing the '372 patent. Hallmark contends, among other things, that it has not infringed and is not infringing the '372 patent, and that, the '372 patent is invalid and/or unenforceable. Hallmark seeks, therefore, a declaratory judgment that it has not infringed the '372 patent and that the '372 patent is invalid, unenforceable and/or void. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

## VENUE

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(a), (b) and § 1400(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

## THE PARTIES

4. Defendant and Counterclaimant Hallmark Cards, Incorporated is a corporation organized under the laws of Missouri with a principal place of business located at 2501 McGee Trafficway, Kansas City, Missouri 64108.

5. Upon information and belief, Nancy E. Hall and Robert Economos are residents of Mecklenburg County, North Carolina and claim ownership of U.S. Patent No. 5,306,372, entitled "Adhesive-Coated Wrapping Paper" (hereinafter the "the '372 patent").

**COUNT I**

(Declaration of Non-Infringement of the '372 Patent)

6. The allegations of paragraphs 1 through 5 are incorporated by reference as if stated fully herein.

7. An actual and judiciable controversy exists between Hallmark and Plaintiffs regarding infringement of the '372 patent.

8. Hallmark has not infringed and is not infringing, either directly or indirectly, the '372 Patent (copy attached to the Second Amended Complaint as Exhibit B).

9. As a result of the admissions, representations, and/or amendments made during the prosecution of the application that resulted in the issuance of the '372 patent by or on behalf of the applicants in order to obtain the issuance of the '372 patent, Plaintiffs are estopped from asserting or obtaining any construction of only claim of the '372 patent (Claim 1) that would result in Claim 1 covering: (1) the importation, offer for sale, sale, manufacture, or use of the accused adhesive wrap product by Defendant; (2) the use of the accused adhesive wrap by anyone who purchases the accused adhesive wrap product; and/or (3) the practice of any method of using the accused adhesive wrap product by Defendant or by any purchasers of the accused adhesive wrap product.

10. Hallmark requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that Hallmark has not infringed the '372 Patent.

11. Hallmark has no adequate remedy at law.

## COUNT II
(Declaration of Invalidity)

12. The allegations of paragraphs 1 through 5 are incorporated by reference as if stated fully herein.

13. An actual and judiciable controversy exists between Hallmark and Plaintiffs regarding the validity of the '372 patent.

14. Claim 1 of the '372 patent is invalid under 35 U.S.C. § 102 and/or 103, including but not limited to one or more of the following grounds: (1) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before alleged the invention thereof by the applicants for the '372 patent; (2) the alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the '372 patent in the United States; (3) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '372 patent; (4) before the applicants' alleged invention, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it; and/or (5) if the alleged invention is not identically disclosed or described as set forth in section 102, then the differences between the alleged invention and the prior art are such that the alleged invention as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter of the alleged invention pertains.

15. Claim 1 of the '372 patent is invalid under 35 U.S.C. § 112, including but not limited to one of the following grounds: (1) the specification of the '372 patent does not set forth a full, clear written description of the alleged invention claimed in the patent; (2) the specification of

the ‘372 patent does not enable a person of ordinary skill in the art to practice the alleged invention without undue experimentation; and/or (3) Claim 1 of the ‘372 patent does not point out and distinctly claim the subject matter which the applicants regard as their alleged invention and is therefore indefinite.

16. Hallmark requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 that the ‘372 Patent is invalid, unenforceable and/or void under 35 U.S.C. §§ 102, 103 and/or 112.

17. Hallmark has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hallmark Cards, Incorporated respectfully requests that this Court enter a judgment against Plaintiffs as follows:

(a) Dismissing Plaintiffs’ Second Amended Complaint with prejudice;

(b) Declaring Hallmark has not infringed and is not infringing the ‘372 patents, either directly or indirectly;

(c) Declaring that the ‘372 patent is invalid, unenforceable, and/or void under 35 U.S.C. §§ 102, 103 and/or 112;

(d) Awarding Hallmark the costs of this action against Plaintiffs;

(e) Finding the case is exceptional and awarding Hallmark its reasonable attorney fees under 35 U.S.C. § 285;

(f) Granting Hallmark such additional and further relief as this Court deems just and proper.

**Demand for Jury Trial**

Defendant Hallmark Cards, Incorporated demands a trial by jury on all issues triable to a jury in this case as a matter of right.

Respectfully submitted this 16th day of October, 2008.

s/John P. Higgins _
John P. Higgins
(N.C. State Bar No. 17442)
Rebecca A. Brown
(N.C. State Bar No. 36343)
SUMMA, ALLAN & ADDITON, P.A.
Ballantyne Corporate Park
11610 North Community House Rd, Suite 200
Charlotte, North Carolina 28277-2199
Telephone: (704) 945-6704
Facsimile: (704) 945-6735
jhiggins@summalaw.com

*Attorneys for Defendant*
*Hallmark Cards, Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT has been served on counsel via the electronic filing system of the Western District of North Carolina and by first class mail, postage-prepaid as follows:

Larry C. Economos
Mills & Economos, LLP
200 West Third Street
Greenville, North Carolina 27858

This 16th day of October, 2008.

s/John P. Higgins